IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| THREE PIRATES, LLC, dba POINT BLANK DISTRIBUTING, an Oregon company, | ) Civil No.: 3:16-cv-01054-JE ) ) FINDINGS AND ) RECOMMENDATION ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SHELTON BROTHERS, INC., a Massachusetts corporation, VINUM WINE IMPORTING AND DISTRIBUTING, LLC, an Oregon limited liability company, | ) ) ) ) ) |
| Defendants. | ) ) |

Phillip J. Nelson
Keith A. Pitt
Slinde Nelson Stanford
111 SW 5th Avenue
Suite 1940
Portland, OR 97204

    Attorneys for Plaintiff

Joseph A. Field
Field Jerger, LLP
621 SW Morrison Street
Suite 1225
Portland, OR 97205

FINDINGS AND RECOMMENDATION – 1

>       Ryan T. Donovan
>       Harris, Conway & Donovan, PLLC
>       5 Clinton Square
>       Albany, NY 12207
>
>               Attorneys for Defendant Shelton Bros., Inc.

JELDERKS, Magistrate Judge:

Plaintiff Three Pirates, LLC dba Point Blank Distributing ("Three Pirates") brings this action against Defendant Shelton Brothers, Inc. ("Shelton Bros."), alleging breach of contract, breach of good faith and fair dealing, and violation of Oregon Revised Statute (ORS) 474.011. Plaintiff originally filed its complaint in Multnomah County Circuit Court for the State of Oregon. Defendant then removed the case to this court based on diversity jurisdiction. Currently pending before the Court are Three Pirates' motion for remand and Shelton Bros.' motion to transfer venue or, in the alternative, to stay. Plaintiff also seeks attorney fees and costs for its motion to remand.

For the reasons discussed below, Three Pirates' motion for remand should be granted, its motion for costs and fees should be denied, and Defendant's motion should be denied as moot.

## Background

Three Pirates is an Oregon limited liability company with its principal place of business in Multnomah County, Oregon. It is a licensed Oregon beer distributor.

Shelton Bros., a Massachusetts corporation, is an importer of international beers and wines. In 2005, Shelton Bros. and Three Pirates entered into a "Wholesale Malt Beverage Sub-Distribution Agreement" under which Three Pirates was designated an exclusive distributor of Shelton Bros. brands in Oregon.

On August 7, 2015, Shelton Bros. commenced an action against Three Pirates in the United States District Court for the District of Massachusetts (the "Massachusetts Federal

FINDINGS AND RECOMMENDATION – 2

Case"). On September 4, 2015, Shelton Bros. filed an amended complaint and Three Pirates subsequently filed a motion to dismiss or, alternatively, for change of venue. Shelton Bros. filed a second amended complaint on March 9, 2016 and Three Pirates filed a revised motion to dismiss or, alternatively, for change of venue on May 20, 2016. Three Pirates' motion to dismiss in the Massachusetts Federal Case is still pending.

On November 24, 2015, Three Pirates initiated a separate action in Multnomah County Circuit Court for the State of Oregon (the "Oregon State Case") against Shelton Bros. and another Oregon distributor, Vinum Wine Importing and Distributing ("Vinum Wines"). On December 18, 2015 Shelton Bros. filed a Motion for Judgment on the Pleadings seeking dismissal of the Oregon State Case. On January 7, 2016, Vinum Wines filed a motion to dismiss the sole claim against it.

 In an Order dated March 8, 2016, the state court granted Vinum Wine's motion to dismiss but allowed Three Pirates 30 days in which to file an amended complaint making its claim against Vinum Wine more definite and certain. The state court ordered that in the event Three Pirates did not file an Amended Complaint within 30 days, its claim against Vinum Wine "shall be dismissed without prejudice." Dkt. 4-4 at pp. 70-71. The state court also stayed the Oregon State Case and deferred its ruling on Shelton Bros.' motion to dismiss pending resolution of the jurisdiction and venue questions raised by Three Pirates in the Massachusetts Federal Case. Three Pirates did not file an amended complaint within the 30 days.

On May 19, 2016, Three Pirates filed a motion for a temporary restraining order (TRO) in the Oregon State Case to stop Shelton Bros. from selling beer to Oregon retailers. The state court denied the request for a TRO but lifted the stay for the limited purpose of addressing

FINDINGS AND RECOMMENDATION – 3

procedural issues and determining whether a preliminary injunction should issue. The state court set a briefing schedule of June 10, 2016 and a hearing date of June 16, 2016.

On June 9, 2016 Shelton Bros. filed its Notice of Removal to this court on the basis of diversity jurisdiction. It asserted that diversity became available on April 8, 2016 when Three Pirates failed to amend its complaint in the Oregon State Case and Vinum Wines, the only Oregon resident defendant, was dismissed. Shelton Bros. subsequently moved to transfer venue to the Massachusetts District Court or, in the alternative, to stay this action pending the resolution of the Massachusetts Federal Case.

On July 7, 2016, Three Pirates timely filed a motion to remand this action to the Oregon State Court.

## Discussion

Three Pirates seeks remand of this case to state court on the basis that Shelton Bros.' removal was initiated more than 30 days after the case had "become removable" under 28 U.S.C. §1446(b). Three Pirates also argues that Shelton Bros. "had no objectively reasonable basis to initiate this untimely removal," and it moves for an award of the reasonable attorney fees and costs associated with the Motion to Remand.

**I. Motion to Remand**

Generally, a defendant may remove a case to federal court if the federal court would have subject matter jurisdiction over one or more of the plaintiff's claims, pursuant to 28 U.S.C. § 1331 (federal question) or § 1332 (diversity of citizenship). See 28 U.S.C. § 1441(a), (b).

The relevant provisions of the statute governing removal procedures provide as follows:

> **(b) Requirements; generally.–(1)**The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

FINDINGS AND RECOMMENDATION – 4

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

\* \* \*

**(3)** . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**(c) Requirements; removal based on diversity of citizenship.--(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C.A. § 1446 (2012)

The removal statute is strictly construed and "any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). This presumption against removal "means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

There appears to be no disagreement between the parties that this case qualified for removal on the basis of diversity jurisdiction on April 8, 2016 when Three Pirates failed to amend its complaint in the Oregon State Case and Vinum Wines was dismissed as a defendant in that action. Nor is there a dispute that the stay in the Oregon State Case continued in effect after April 8, 2016. Shelton Bros.' contention, in objecting to the motion to remand, is that the state court's stay of the case tolled the thirty day period for filing removal notice under 28 U.S.C. §1446(b). Thus, according to Shelton Bros., the relevant date for purposes of removal was May 25, 2016, the date on which the state court lifted its stay.

FINDINGS AND RECOMMENDATION – 5

Three Pirates correctly asserts that although the statutory time limit for removal petitions is not jurisdictional, it is "mandatory." <u>Fristoe v. Reynolds Metals Co.</u>, 615 F.2d 1209, 1212 (9th Cir. 1980)(per curiam). Accordingly, "a timely objection to a late petition will defeat removal . . . ." <u>Id.</u> Citing to case law from this and other circuits and to pertinent treatises, Three Pirates also asserts that it is well established that neither the stipulations of the parties nor acts of the state court can operate to alter the 30-day limit imposed by §1446(b).[1]

Shelton Bros. fails to offer any applicable case law in support of its contention that due to the state court's stay "there was, in effect , no active case for Shelton Brothers to remove" and the "formal dismissal of Vinum was a non-event for purposes of the federal statutes regarding removal from state to federal court. . . ." Def. Response at 9-10. Shelton Bros. cites to what it characterizes as "similar situations" in bankruptcy actions. Shelton Bros. relies on cases holding that because an automatic stay in bankruptcy cases prevents removal of a suit filed during the stay, the thirty-day period for removal does not begin to run until the bankruptcy stay is lifted. <u>See</u> <u>e.g.</u>, <u>Patterson v. Int'l Gd. of Teamsters, Local</u> 959, 121 F.3d 1345, 1349 (9th Cir. 1997). This argument is unavailing.

---

[1] Plaintiff cites <u>Gooss v. GEICO Cas. Co.</u>, 2014 WL 201613, *2 (D.Nev. 2014) ("The 30–day time limit cannot be extended by continuance or stipulation."); <u>Transp. Indem. Co. v. Fin. Trust Co.</u>, 339 F.Supp. 405, 408 (C.D.Cal. 1972) ("It is my view based upon the above quotation and the cases which Professor Moore cites, that the thirty-day period may not be enlarged by act of the Federal Court, by act of the State Court or by mere consent of the Plaintiff to extend the time for removal.");14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (4th ed. April 2016 Update) ("The two 30-day time limitations in Section 1446 are mandatory. That is, as many courts have held, these periods must be measured strictly in accordance with the general computation principles set out in Federal Rule of Civil Procedure 6. In a related vein, the decided cases make clear that these statutory periods will not be extended by state court demurrers, motions to set aside service of process, pleas in abatement, stipulations, trial court-granted continuances, or various other state court orders."); <u>Rampy v. Southwestern Bell Telephone Co.</u>, 615 F. Supp. 996 (W.D. Mo.1985) (stipulation filed in state court cannot extend time for removal); <u>McGraw v. Lone Star Industries, Inc.</u>, 2012 WL 5286963, *2 (S.D.Miss. 2012) ("[R]emoval is a matter of federal law,  and the removal statute's proper application may not be obstructed by a state court law or, in this case, an order.").

FINDINGS AND RECOMMENDATION – 6

In <u>Value Recovery Group, Inc. v. Hourani</u>, 115 F.Supp.2d 761 (S.D.Tex.2000), cited by Three Pirates, the district court held that a state court stay did not preclude removal during the stay and "[a]lthough the Removing Defendants may have been precluded from taking action in the state trial court case, the state court's stay order did not bar defendants from removing the case to this court." <u>Id</u>. at 767. The court also emphasized the distinction between the bankruptcy stay in cases like <u>Patterson</u> and the state court stay at issue in its case. The district court stated that "a bankruptcy stay is a creature of federal law that stays all action in any court, state or federal. <u>See</u> 11 U.S.C. § 362(a)(1) (West 2000)." <u>Id.</u> <u>See</u> <u>also</u> <u>Bond v. GMAC Mortgage, LLC</u>, 2011 WL 11650508, at *3 (C.D. Cal. June 13, 2011)(unreported)(following logic of <u>Value Recovery</u> to hold that state appellate court stay did not bar defendants from removing case to federal court).

The case law makes clear that the removal statutes be strictly construed. I also conclude that, contrary to Shelton Bros.' argument, the tolling effect of an automatic bankruptcy stay is wholly distinct from and inapplicable to, the circumstances here. Furthermore, I am persuaded by the reasoning of the cases cited by Three Pirates that actions of the state court do not operate to affect or enlarge the statutory time limit for removal. The removal statute required removal within 30 days after the case became removable. I conclude that the state court's dismissal of the sole instate defendant on April 8, 2016, triggered the 30 day clock for removal. See <u>Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1253 (9th Cir. 2006)</u>( "When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking.") Shelton Bros. has cited no precedent, binding or otherwise, to support its contention that the state court stay operated to toll the statutorily

FINDINGS AND RECOMMENDATION – 7

mandated period. Accordingly, I conclude that Shelton Bros.' removal was untimely and remand is warranted.

As an alternative basis for its objection to remand, Shelton Bros. argues that even if the formal dismissal of the instate defendant from the state case marked the running of the 30 day period for removal, this court should employ its inherent discretionary powers to "overlook" Shelton Bros. failure to comply. Citing to the Fifth Circuit's opinion in Tedford v. Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003), Shelton Bros. asserts that other courts have found that "equitable tolling" of the statutory time limit for removal is appropriate in certain cases and that the circumstances of this case warrant the same such "equitable exception." I disagree.

Significantly, Tedford specifically addressed the one-year limitation provision within §1446. Shelton Bros. acknowledges this fact but argues that the same principles "should apply" to the 30 day provisions as well. However, Shelton Bros. has cited and I have found no case which supports such an expansion of equitable tolling. Furthermore, the Ninth Circuit strictly construes removal statutes, placing a heavy burden on defendants to demonstrate removal is proper. Gaus, 980 F.2d at 566. At least prior to the 2011 amendment to §1146, the Ninth Circuit did not recognize an equitable exception to the one-year limitation. See e.g., Blue v. Equifax Information Services, LLC, 2007 WL 602295, *2 (N.D. Cal. 2007)("The Ninth Circuit has not recognized an exception [to the one year limit], the statute does not contain an exception, and the Ninth Circuit narrowly construes removal statutes *against* removal.")(emphasis in original); Selman v. Pfizer, Inc., 2011 WL 6655354, at *4 (D. Or. Dec. 16, 2011)(Judge Michael Simon)("Defendants rely on Tedford . . . in which the Fifth Circuit equitably tolled § 1446(b)'s one-year time limit based on objective evidence that the plaintiff had purposefully delayed dismissal of a nondiverse defendant in order to prevent the remaining diverse defendants from

FINDINGS AND RECOMMENDATION – 8

removing the case to federal court. The Ninth Circuit, however, has yet to adopt such an equitable exception to § 1446(b)'s one-year time limit.)[2]

Under these circumstances, I conclude that an equitable exception to the clear statutory 30-day limit for removal should not be applied.

## II. Costs and Fees

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests that the Court award reasonable attorney fees and costs incurred as a result of the removal. "[T]he standard for awarding fees [upon the granting of a motion to remand] should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the case is ultimately remanded. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir.2008). Rather, the court should assess "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." Id. at 1066 (internal citations omitted).

I recommend denial of Three Pirates' request for fees because I conclude that there was less than perfect "clarity of the law at the time of removal." Here, the language of 28 U.S.C.

---

[2] In 2011, Congress amended §1446 to allow an exception to the one-year limitation on removal of diversity cases when "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. §1446(c)(1)(2012). The Selman court acknowledged the amendment, which was not in effect at the time that case was filed, in a footnote to its discussion of equitable tolling. Selman, 2011 WL 6655354, at FN. 4. However, the exception applies only to the one-year limitation.

FINDINGS AND RECOMMENDATION – 9

§1446, requiring removal within "thirty days," is unambiguous. However, in its briefing and at oral argument, Shelton Bros. correctly noted that the particular facts of this case create a nuance that was not addressed in the cases cited by Three Pirates. While the distinction is insufficient to overcome remand in the face of removal statutes that be must strictly construed, with any doubt resolved in favor of remand, it is sufficient demonstrate ambiguity in the law. Three Pirates have cited and the Court has found no controlling precedent that provides absolute guidance to removing parties or the trial court regarding the specific issue of the tolling effect on removal of state court stays pending a federal court decision. In light of these circumstances, it was not unreasonable for Shelton Bros. to seek removal. Accordingly, Three Pirates' request for costs and fees should be denied.

### III. Motion to Transfer Venue or, in the Alternative, to Stay

Shelton Bros. has moved to transfer this action to the District of Massachusetts or, in the alternative, to stay this case until resolution of the Massachusetts Federal Case. My conclusion that this action should be remanded to state court precludes this court from addressing the merits of Shelton Bros.' motion. Accordingly, the motion should be denied as moot.

### Conclusion

For the reasons set out above, Three Pirates' motion to remand (#7) should be GRANTED and its motion for attorney's fees and costs (#7-2) should be DENIED. Shelton Bros.' motion to transfer or, in the alternative, to stay (#5) should be DENIED as moot.

### Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 14, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 27th day of September, 2016.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 11